Mr. Hines had been elected a representative of the district to which Beaufort County belongs, and at the time of trial was at Washington attending his public duties as a Member of Congress, but was not there with any intention of changing his domicile from this State. (266)
The suit had been pending for several years, but Mr. Hines had never been summoned as a witness in it, nor had any attempt been made by the plaintiff to obtain his deposition.
The plaintiff offered to prove his handwriting, and on such proof claimed to read the bill of sale; but the court refused to allow it, and a verdict was given for the defendant. The plaintiff moved for a new trial because the evidence was not received, and the court (by consent of parties, and in order that the rule of evidence might be settled) overruled the motion and gave judgment for the defendant; whereupon there was an appeal to this Court.
The general rule which requires the proof of a bond to be made by the subscribing witness has undergone various relaxations, the first of which seems to have occurred in Coghlan v.(273) Williamson, 1 Doug., 93, which was certainly a strong case, since besides the impossibility of obtaining the attendance of the witness, there was the defendant's admission of the debt. The rule which now appears to be established in England is that the secondary evidence is admissible where the witness is out of the jurisdiction of the court, so as not to be amenable to its process. I do not recollect any practice in this State which authorizes a proof of the handwriting under a temporary absence of the witness, and without a change of domicile, which I think it would be dangerous to establish, on account of the abuses to which it might lead; for a subscribing witness who might alone be cognizant of the corrupt consideration of a bond might be sent over the line to suppress all proof except that of the execution. But where a man leaves the State in the exercise of a public duty, as in this case, as all presumption of collusion is thereby repelled, justice ought not to be delayed or interrupted by his absence. I think, therefore, it may fairly be considered as coming within the reason of other admitted exceptions to the rule, and that there ought, therefore, to be a new trial.
HALL, J. If the defendant could not have dispensed with the testimony of the witness Hines, it would have been incumbent on him to have taken his deposition, because he could not procure his personal attendance. The witness being absent in the discharge of duties imposed upon him by law, so far resembled a witness whose place of residence was without the limits of the State; of course, his deposition might have been taken, if the party had thought proper to do so; but he was not obliged to do so, because it is a rule of evidence in our courts that the handwriting of a documentary witness may be proved, provided he lives without the limits of the State. I, therefore, think that the rule granting a new trial should be made absolute.
HENDERSON, J., concurring, Reversed.
Cited: Edwards v. Sullivan, 30 N.C. 305; Miller v. Hahn, 84 N.C. 227. *Page 119 
(274)